# IN UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.

DIANE OFFINEER-STAPLETON,

    Plaintiff,

      v.

MACHOL & JOHANNES, LLC,

    Defendant.

## COMPLAINT AND JURY DEMAND

DIANE OFFINEER-STAPLETON ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against MACHOL & JOHANNES, LLC ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in

controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business and has its headquarters located in the State of Colorado, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Canon City, Colorado 81212.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a national debt collection company with its corporate headquarters located at 717 17th Street, # 2300, Denver, Colorado 80202.

8. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. At all relevant times, Defendant contacted Plaintiff in its attempts to collect a consumer debt.

11. The alleged debt, a FIA Card Services/Bank of America personal credit card account, arose out of transactions which were allegedly for personal, family, or household purposes.

12. Beginning in or before August 2013, and continuing through July 2014, Defendant communicated with Plaintiff in an attempt to collect a debt.

13. Specifically, on or after August 18, 2013, Defendant mailed Plaintiff correspondence advising that it had been retained by Cavalry SPV II, LLC to collect the alleged debt.  See Exhibit A, Defendant's August 18, 2013, letter to Plaintiff.

14. In its August 18, 2013, letter, Defendant demanded payment of $11,124.43.  See Exhibit A.

15. Plaintiff received Defendant's letter on August 23, 2013, and after receiving the letter, on September 9, 2013, she sent them written correspondence disputing the debt, stating that the debt was past the statute of limitations.  See Exhibit B, Plaintiff's September 9, 2013, letter to Defendant.

16. In response, on or after September 16, 2013, Defendant sent Plaintiff correspondence claiming that it was providing validation of the debt. See Exhibit C, Defendant's September 16, 2013, letter to Plaintiff.

17. In its letter, Defendant claimed that the amount of the alleged debt was $5,961.46, which was $5,162.97 less than the amount it sought to collect in its August 18, 2013, letter. See Exhibit C.

18. Defendant provided no explanation to Plaintiff why it originally demanded payment of $11,124.43, but now claimed the alleged debt was $5,961.46. See Exhibit C.

19. Upon information and belief, in its communications with Plaintiff, Defendant falsely stated the amount of the alleged debt and sought to collect an amount greater than what was owed and/or permitted by the contract creating the alleged debt.

20. Also, Defendant's September 16, 2013, letter, did not verify the debt as it deceptively claimed to Plaintiff it had.

21. Defendant did not provide Plaintiff with any computer printout setting forth the amount of the debt, the services provided/description of the transactions, or the dates on which the debts were incurred.

22. Defendant provided Plaintiff no extrinsic evidence of the alleged debt, either in its initial letter or subsequent September 16, 2013,

validation letter.

23. Defendant did not advise Plaintiff that its client had verified the balance to be true, correct and still owing.

24. Upon information and belief, Defendant did not contact the creditor and verify the nature, status, and balance of the debt.

25. Rather, Defendant just printed what was in its computer system/database.

26. Then, less than a month later, on October 8, 2013, Defendant again sent Plaintiff correspondence claiming again to be providing verification of the alleged debt. See Exhibit D, Defendant's October 8, 2013, letter to Plaintiff.

27. Again, Defendant represented the amount of the debt to be $5,961.46. See Exhibit D.

28. Further, Defendant claimed to have enclosed a statement. See Exhibit D.

29. However, Defendant did not enclose any statement from Bank of America about the account.

30. After its October 8, 2013, letter, Plaintiff did not receive anything further from Defendant about the alleged debt.

31. Then, on or after February 20, 2014, Defendant sent Plaintiff

written correspondence claiming that Cavalry SPV I, LLC had placed the alleged debt with them for collection. See Exhibit E, the February 20, 2014, letter.

32. Defendant identified the amount of the debt as $5,961.46. See Exhibit E.

33. Once again, on March 2, 2014, Plaintiff sent written correspondence to Defendant disputing the debt as being time-barred, but this time, advised Defendant that she desired to resolve the debt, as its repeated communications were causing her stress and anxiety. See Exhibit F, Plaintiff's March 2, 2014, letter to Defendant.

34. On or after March 10, 2014, Defendant sent written correspondence to Plaintiff claiming to be providing verification of the debt. See Exhibit G, Defendant's March 10, 2014, letter to Plaintiff.

35. In its letter, Defendant claimed that the amount of the alleged debt was $6,026.46, which was $65.00 more than the amount it sought to collect in its February 18, 2013, letter. See Exhibit G.

36. Defendant did not provide any explanation for the $65.00 increase of the alleged debt. See Exhibit G.

37. Upon information and belief, Defendant sought to collect an amount greater than what was provided by law and/or the agreement

creating the alleged debt.

38. Furthermore, Defendant falsely claimed to have enclosed statements, but there were no enclosed documents.

39. Defendant did not provide Plaintiff with any computer printout setting forth the amount of the debt, the services provided/description of the transactions, or the dates on which the debts were incurred.

40. Defendant provided Plaintiff no extrinsic evidence of the alleged debt, either in its initial letter or subsequent March 10, 2014, validation letter.

41. Defendant did not advise Plaintiff that its client had verified the balance to be true, correct and still owing.

42. Upon information and belief, Defendant did not contact the creditor and verify the nature, status, and balance of the debt.

43. In the meantime, unbeknownst to Plaintiff, Defendant filed a lawsuit against her for the underlying debt; however, upon information and belief, Defendant served an individual – other than Plaintiff, so that Plaintiff was unaware of the lawsuit.

44. Thereafter, on May 14, 2014, Defendant filed a Motion for Judgment By Default in the amount of $5,961.46, plus costs to date in the sum of $168.85.

45. Plaintiff received Defendant's Motion for Judgment by Default, and saw that the amount of the underlying lying debt - $5,961.26 – was an amount less than what was stated in Defendant's March 10, 2014, letter to Plaintiff.

46. Immediately Plaintiff filed a Motion to Vacate Judgment, explaining that she had not been served with the Complaint.

47. Unable to afford counsel to assist her in defending against a judgment, Plaintiff believed that she had no option but to agree to a settlement with Defendant, as she was worried about having a lien placed against her house.

48. On July 16, 2014, signed a settlement agreement with Defendant, wherein she would be required to pay $5,000.00 to Defendant over a period of time, and since has paid $1,216.00 to Defendant.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

49. Defendant's conduct, detailed in the preceding paragraphs, violated 15 U.S.C. § 1692e, § 1692e(2)(A), and 1692e(10).

   a. A debt collector violates § 1692e of the FDCPA by using false, deceptive or misleading representations or means

    in connection with the collection of any debt.

  b. A debt collector violates §1692e(2)(A) of the FDCPA by falsely representing the character, amount or legal status of any debt.

  c. Section 1692e(10) of the FDCPA prohibits debt collectors from using any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

  d. Here, Defendant violated §§ 1692e, 1692e(2)(A) and 1692e(10) of the FDCPA by falsely representing the amount of the debt to Plaintiff and stating that it had provided her statements about the alleged debt when it had not done so.

## COUNT II

50. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. §§ 1692f and 1692f(1).

  a. A debt collector violates § 1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

  b. A debt collector violates §1692f(1) of the FDCPA by

     collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

  c. Here, Defendant violated §§ 1692f and 1692f(1) of the FDCPA by collecting an amount not authorized by the agreement creating the debt and/or law as well as not investigating Plaintiff's dispute of the debt.

## COUNT III

51. Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(b).

  a. A debt collector violates § 1692g(b) of the FDCPA by failing to cease collection of the debt, where the consumer notifies it in writing within the 30-day period that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, until it obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and such information is mailed to the consumer.

      b.      Here, Defendant violated § 1692g(b) of the FDCPA by failing to cease collection of the debt after it received a written request for verification from Plaintiff and not providing verification of the debt to Plaintiff.

WHEREFORE, Plaintiff, DIANE OFFINEER-STAPLETON, respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.    Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3)); and

    d.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DIANE OFFINEER-STAPLETON, demands a jury trial in this case.

                                                          RESPECTFULLY SUBMITTED,

DATED:  September 16, 2014      KIMMEL & SILVERMAN, P.C.

                                          By:   __/s/ Craig Thor Kimmel_____
                                                 CRAIG THOR KIMMEL
                                                 PA Attorney ID No. 57100
                                                 30 E. Butler Avenue
                                                 Ambler, PA 19002
                                                 Tel: 215-540-8888
                                                 Fax: 877-788-8126
                                                 [kimmel@creditlaw.com](mailto:kimmel@creditlaw.com)
                                                 Attorney for the Plaintiff